## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENISE NUNNERY,
            Appellant,

       v.

DEPARTMENT OF AGRICULTURE,
            Agency.

DOCKET NUMBER
DA-0752-15-0378-I-1

DATE: June 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terrence J. Johns, New Orleans, Louisiana, for the appellant.

Sandy S. Francois, New Orleans, Louisiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to: (1) clarify the basis for finding that the appellant failed to prove that the agency violated her due process rights when the deciding official considered her lack of remorse as an aggravating factor without advance notice; and (2) address the appellant's argument that the agency's choice of deciding official violated her due process rights, we AFFIRM the initial decision.

## BACKGROUND

¶2      On March 4, 2015, the agency proposed the appellant's removal from her position as a Program Analyst based on charges of absence without leave (AWOL) (15 specifications) and failure to follow proper leave request procedures (8 specifications). Initial Appeal File (IAF), Tab 6 at 16‑20. After the appellant, through her union, submitted a written response to the notice of proposed removal, IAF, Tab 5 at 24‑25, the deciding official sustained the charges and removed the appellant, effective April 17, 2015, *id.* at 8‑10. Both the decision notice and a *Douglas* factors worksheet prepared by the deciding official indicated that the deciding official considered, among other factors, the appellant's lack of remorse as an aggravating factor, *id.* at 9, 31, although the notice of proposed removal did not discuss the appellant's lack of remorse, IAF Tab 6 at 16‑22.

¶3     The appellant filed a timely Board appeal challenging her removal, and raised affirmative defenses of disability discrimination and a violation of due process. IAF, Tab 1 at 4, 6, Tab 14 at 4‑5. The administrative judge held the appellant's requested hearing on September 23, 2015. IAF, Tab 31, Hearing Compact Disc (HCD). At hearing, the deciding official testified that, in reaching her decision to remove the appellant, she did not consider any information besides the contents of the notice of proposed removal, the appellant's written response, and the appellant's prior discipline (which was referenced in the notice of proposed removal), and that it was the appellant's response to the notice of proposed removal that led her to conclude that the appellant lacked remorse. HCD (testimony of the deciding official).

¶4     Following the hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 32, Initial Decision (ID). She found that the agency proved all of the charges and specifications. ID at 2‑6. Specifically, she found that the agency proved that the appellant was AWOL for 1 day in December 2014, 6 days in January 2015, and 8 days in February 2015. ID at 2‑4. She further found that the appellant admitted that the agency's leave request procedures required her to call in every day that she would be absent from work, even when she was absent on consecutive days, and that the appellant failed to do so on the dates at issue in the charge of failure to follow leave request procedures. ID at 4‑5.

¶5     The administrative judge found that the appellant failed to prove her affirmative defense of disability discrimination.[2] ID at 12. Regarding the appellant's affirmative defense of a due process violation, citing *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376‑77 (Fed. Cir. 1999), and

---

[2] On review, the appellant does not challenge the administrative judge's finding that she failed to prove her affirmative defense of disability discrimination, and we discern no basis to disturb this finding. Petition for Review File, Tab 1.

*Ward v. U.S. Postal Service*, [634 F.3d 1274](#), 1280 (Fed. Cir. 2011), the administrative judge found that the deciding official relied on an ex parte communication when she considered the appellant's lack of remorse in her response to the notice of proposed removal, because the agency did not provide advance notice that this aggravating factor would be considered.  ID at 13‑14.  However, the administrative judge found that, because the deciding official testified that she afforded very little weight to her conclusion that the appellant lacked remorse, the ex parte communication was not sufficiently substantial and likely to cause prejudice to constitute a due process violation.[3]  ID at 14.  Finally, the administrative judge found that the agency proved a nexus between the charges and the efficiency of the service, ID at 14, and that the penalty of removal was reasonable, ID at 15‑16.

¶6        The appellant has filed a petition for review of the initial decision, and the agency has opposed the petition for review.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the agency proved the charges.</u>

¶7        On review, the appellant appears to challenge the administrative judge's finding that the agency proved the charges.  PFR File, Tab 1 at 4.  Specifically, she contends that she did not admit that the agency's leave request policy required her to call in every day that she would be absent from work, even when

---

[3] Under *Ward*, even if an ex parte communication does not rise to the level of a due process violation, the deciding official's consideration of an aggravating factor without advance notice may constitute harmful procedural error.  634 F.3d at 1281‑82.  Here, the appellant has not alleged that the agency committed harmful procedural error, and thus, we need not address this issue further.

she was absent on consecutive days, and that the agency's policy did not require her to do so.[4] *Id.*

¶8        Contrary to the appellant's assertions on review, on more than one occasion during the hearing, the appellant admitted that the agency's policy required her to call in every day that she would be absent from work, even when she was absent on consecutive days, although she indicated that she disagreed with the soundness of that policy.  HCD (testimony of the appellant); *see Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014) (finding that an appellant's admissions may suffice as proof of a charge without additional proof from the agency).  Moreover, the agency's absence and leave policy states that, when an employee requests emergency sick leave, but is unable to provide a return to duty date, he or she may be told to call in daily, and the appellant admitted that she received a copy of this policy.  IAF, Tab 9 at 20; HCD (testimony of the appellant).  Furthermore, the record contains a January 31, 2013 email that an agency supervisor sent to the appellant and several other employees, which stated that "[e]veryone is required to call in everyday [sic] when out sick," and the appellant admitted at hearing that she did not do so.  IAF, Tab 7 at 10‑11; HCD (testimony of the appellant).  For these reasons, we find that the appellant has failed to demonstrate error in the administrative judge's findings that the agency proved the charges of AWOL and failure to follow leave request procedures.  ID at 2‑6.

---

[4] To prove a charge of AWOL, an agency must show by preponderant evidence that the employee was absent and that her absence was not authorized or that her request for leave was properly denied.  *Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 14 (2003).  Therefore, we construe the appellant's argument that she was not required to call in on consecutive days as a challenge to the administrative judge's findings regarding the AWOL charge as well as the charge of failure to follow leave request procedures.

<u>The agency did not violate the appellant's due process rights when the deciding official considered her lack of remorse in her response to the notice of proposed removal without advance notice.</u>

¶9    On review, the appellant reiterates her argument, raised below, that the agency violated her due process rights when the deciding official considered her lack of remorse as an aggravating factor when this factor was not discussed in the notice of proposed removal.  PFR File, Tab 1 at 4.

¶10    When an agency intends to rely on aggravating factors as the basis for imposing a penalty, such factors should be included in the advance notice of the adverse action so that the employee will have a fair opportunity to respond to those factors before the deciding official.  *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011).  If an employee has not been given notice of an aggravating factor supporting an enhanced penalty, an ex parte communication with the deciding official regarding such a factor may constitute a constitutional due process violation because it potentially deprives the employee of notice of all the evidence being used against him and the opportunity to respond to it.  *Ward*, 634 F.3d at 1280; *Lopes*, 116 M.S.P.R. 470, ¶ 6.  However, not every failure to list an aggravating factor in the proposal notice rises to the level of a due process violation; rather, a due process violation occurs only when "new and material information" is considered that is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances."  *Ward*, 634 F.3d at 1279; *see Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 7 (2013).

¶11    We agree with the administrative judge's conclusion that the appellant failed to establish that the agency violated her due process rights, but for a different reason than the one discussed by the administrative judge.  ID at 13‑14.  The deciding official's conclusion that the appellant lacked remorse was based

solely on the appellant's response to the notice of proposed removal.[5]  HCD (testimony of the deciding official).  The Board has held that a deciding official does not violate an appellant's right to due process when he or she considers issues raised in an appellant's response to a proposed adverse action and then rejects those arguments in reaching a decision.  *Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 9 (2015); *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 13 (2014); *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶¶ 11‑12 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015); *see* 5 C.F.R. § 752.404(g)(1) (providing that, in rendering a decision on a proposed adverse action, the agency will consider the reasons specified in the notice "and any answer" that the employee or her representative makes to the designated official).  Furthermore, the Board has held that an employee is not entitled to know the particular weight that a deciding official will attach to her arguments raised in response to the proposed adverse action in advance of a final decision.  *Grimes*, 122 M.S.P.R. 36, ¶ 13; *Wilson*, 120 M.S.P.R. 686, ¶ 12.

¶12    We find the Board's decision in *Talavera v. Agency for International Development*, 104 M.S.P.R. 445, ¶ 10 (2007), and the U.S. Court of Appeals for the Federal Circuit's decision in *Harding v. U.S. Naval Academy*, 567 F. App'x 920, 925 (Fed. Cir. 2014), to be instructive in this regard.[6]  In *Talavera*, the Board found that an agency did not violate an appellant's due process rights

---

[5] On review, the appellant claims that the deciding official admitted that her decision to terminate the appellant was based on "a collaboration of her and others to include the proposing Official."  PFR File, Tab 1 at 4.  To the contrary, the deciding official testified that she did not discuss her decision with the proposing official, or anyone else, except to consult with an Employee Relations Specialist to ensure that she understood how to apply the factors for determining an appropriate penalty enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305‑06 (1981).  HCD (testimony of the deciding official).

[6] Although *Harding* is an unpublished decision, the Board may rely on unpublished Federal Circuit decisions where, as here, it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

where a deciding official considered the fact that the appellant made false statements in her response to a notice of proposed removal without advance notice. 104 M.S.P.R. 445, ¶ 10. The Board concluded that it was "entirely appropriate" for the deciding official to consider the fact that the appellant made false statements in her response, because it was relevant to her potential for rehabilitation. *Id.* Similarly, in *Harding*, the court held that an appellant failed to establish that an agency violated her due process rights where a deciding official considered the intentional nature of her actions as an aggravating factor without advance notice, because the deciding official's reliance on this factor could "not reasonably have come as a surprise" to the appellant where she "effectively admitted" that she had acted intentionally in her response to the notice of proposed removal. 567 F. App'x at 925.

¶13    Consistent with *Talavera* and *Harding*, here, we find that the agency did not violate the appellant's due process rights when the deciding official considered the arguments that the appellant raised in her response to the notice of proposed removal, and concluded that those arguments reflected a lack of remorse for her actions. Indeed, the agency could not have notified the appellant in its proposal notice that it would consider the lack of remorse in her written response because the response postdated the agency's proposal notice, as it almost always must do. We therefore affirm the administrative judge's finding that the agency did not violate the appellant's due process rights when the deciding official considered the appellant's lack of remorse as an aggravating factor without advance notice.

The agency's choice of deciding official did not violate the appellant's due process rights.

¶14    On review, the appellant contends that the agency's choice of deciding official violated her due process rights because "the deciding official made the decision to have [her] issued AWOL; she should therefore not [have] been the Deciding Official . . . for the same AWOL that she instructed the supervisor to issue." PFR File, Tab 1 at 4. The administrative judge did not address this

argument in the initial decision, and therefore, we modify the initial decision to address the argument in the first instance on review.[7]

¶15 During the hearing, the deciding official testified that, pursuant to agency policy, she was the approving official for any AWOL or leave without pay (LWOP) requests for employees in the agency's Financial Management Service Division. HCD (testimony of the deciding official). The deciding official explained that each pay period, after the appellant completed and submitted her timesheet, if the timesheet indicated that the appellant was absent without approved leave, she would consult with the appellant's supervisor to determine whether the absences should be designated as AWOL or LWOP. *Id.* She further testified that if the appellant's supervisor reported that the appellant had called in, spoken to her, and explained that she was not coming to work, she granted the appellant LWOP. *Id.*

¶16 A deciding official's awareness of background information concerning the appellant, her concurrence in the desirably to take an adverse action, or her predisposition to impose a severe penalty do not disqualify her from serving as a deciding official on due process grounds. *Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶ 9 (2013); *Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶¶ 7‑8, 11 (2012). Instead, our reviewing court has held that a deciding official's knowledge of an employee's background only raises due process concerns when that knowledge is a basis for the deciding official's determinations on either the merits of the underlying charge or the

---

[7] Below, the appellant raised this argument in the first instance during closing argument at the conclusion of the hearing. ID; HCD (closing argument of the appellant's representative). However, the appellant raised an affirmative defense of violation of due process prior to the prehearing conference. IAF, Tab 16 at 2. Construing the appellant's pleadings liberally, we find that the appellant did not waive her argument that the choice of deciding official violated her due process rights by failing to raise it until the conclusion of the hearing. *See* 5 C.F.R. § 1201.24(b) (requiring an appellant to show good cause for raising claims or defenses for the first time after the conference defining the issues in the case).

penalty to be imposed.  *Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1354 (Fed. Cir. 2012).

¶17    Here, as discussed previously, the deciding official's unrebutted testimony established that, in reaching her decision to remove the appellant, she did not consider any information besides the contents of the notice of proposed removal, the appellant's written response, and the appellant's prior discipline.  HCD (testimony of the deciding official).  Accordingly, the fact that the deciding official had prior knowledge of the appellant's absences, and designated those absences as AWOL or LWOP based on representations of the appellant's supervisor, fails to establish a violation of the appellant's due process rights. *See Lange*, 119 M.S.P.R. 625, ¶ 11 (finding that a deciding official's involvement in an appellant's pre‑removal Office of Professional Responsibility investigation did not violate the appellant's due process rights where the deciding official did not consider this involvement in his decision on the appellant's removal).

The administrative judge correctly found that the penalty of removal was reasonable.

¶18    Where, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness.  *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010).  In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised.  *Id.*

¶19    On review, the appellant challenges the administrative judge's finding that the penalty of removal was reasonable.  PFR File, Tab 1 at 4.  First, as she did below, she argues that the deciding official failed to consider her 17 years of service.  *Id.*; *see* IAF, Tab 1 at 6.  The deciding official did consider the

appellant's length of service, but concluded that it was a neutral, rather than a mitigating factor in light of the fact that the appellant had recently been disciplined for similar misconduct and her behavior had not changed. HCD (testimony of the deciding official); IAF, Tab 5 at 28‑29. Even assuming, however, that the deciding official should have characterized the appellant's length of service as mitigating, rather than neutral, we nevertheless find that the penalty of removal was within the tolerable limits of reasonableness. *See Neuman v. U.S. Postal Service*, [108 M.S.P.R. 200](#), ¶ 21 (2008) (observing that the Board may mitigate a penalty when the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors; however, it may impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors).

¶20    The Board has held that AWOL is a serious offense that warrants a severe penalty. *Bowman v. Small Business Administration*, [122 M.S.P.R. 217](#), ¶ 12 (2015). Similarly, failure to follow agency leave requesting procedures also can be a serious act of misconduct. *Id*. The appellant was AWOL for 112 hours, on 15 workdays, over a period of approximately 2 months, and failed to follow leave request procedures on eight occasions during that same time period. IAF, Tab 6 at 16‑20. In addition, the deciding official properly considered the appellant's prior 7-day suspension for AWOL, failure to follow leave request procedures, and submission of inaccurate time and attendance records as aggravating factors. IAF, Tab 5 at 28, Tab 7 at 17‑18; *see Douglas*, 5 M.S.P.R. at 305 (finding that an employee's prior discipline is a factor to consider in determining the penalty for misconduct). Moreover, in the August 2014 decision notice imposing the appellant's prior 7‑day suspension, the agency notified her that any further AWOL or failure to follow leave request procedures would "result in additional disciplinary action being taken, up to and including removal from the Federal

Service." IAF, Tab 7 at 17‑18; *see Jinks v. Department of Veterans Affairs*, [106 M.S.P.R. 627](), ¶ 25 (2007) (finding that prior disciplinary action may be considered notice that the appellant had been warned about the type of misconduct involved). In sum, we find that the appellant's length of service does not outweigh the significant aggravating factors at issue here.

¶21     We also have considered the appellant's argument on review that the agency failed to apply progressive discipline because her prior discipline consisted of only a 7‑day suspension and find it unpersuasive. PFR File, Tab 1 at 5. As an initial matter, the appellant has failed to identify any agency policy or applicable collective bargaining agreement provision requiring the agency to apply progressive discipline. *Id*. Furthermore, given that the appellant was AWOL for a total of 15 days, removal would have been within the range of the agency's Table of Penalties, even if this had been the appellant's first offense. IAF, Tab 8 at 10. For this reason, and the reasons discussed above, we find that the appellant has failed to demonstrate error in the administrative judge's finding that the penalty of removal was reasonable.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) ([5 U.S.C. § 7702](b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.